The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is United States v. Hanford Chiu. Appeal number 21-1120. Attorney Garrity, please introduce yourself for the record and proceed with your argument. Thank you. Pleased to meet the Court. My name is Paul Garrity and I represent Hanford Chiu, the appellant. If I could at this time reserve a minute or two of rebuttal, if that would be okay with the Court. One or two? Two minutes, Your Honor, if I could. All right. You may have it. Thank you. The key issue in this case is whether or not the search warrant applied for to search Mr. Chiu's residence was supported by probable cause. As I argued down below in front of Judge Casper in the District Court, it's our contention that the search warrant affidavit was images that could have been found in Mr. Chiu's computer or attach any of the images. I know the government in their response in the District Courts argued that Burdellis took this case outside of the requirements of Brunette, but I would submit to the Court that Burdellis does not require a description of the images and or an attachment of the images. Can I ask you a few questions? Yes, Your Honor. Let's assume that the issue isn't really description of the images, but adequacy of the pornography. I understood your argument actually to encompass both of those things. The government says that the affidavit is based on a co-conspirator, in a sense, someone who participated in the crimes of watching child pornography and downloading it with the defendant. He describes it in general terms as child pornography, and then he says images of children under the age of 18. Are you making the argument that that is inadequate, even if you don't need a more precise description of the images? Yes, Your Honor, because the argument is that that description is inadequate because now child pornography encompasses a number of modes of child pornography, as defined in 2256. One of them is lascivious exhibition of genitalia in the other language, and that last subsection of sexually explicit conduct. Where it encompasses the lascivious exhibition language, it needs more precise definition. There has to be some description that would allow a reviewing magistrate to determine that the potential image or images falls within the lascivious exhibition of genitalia definition. Why is that so, counsel, when a person knowledgeable about child pornography has made an admission against interest or a declaration against interest to the agent and said, I participated in observing this on his computer in the recent past? This is a man who is a self-professed collector of child pornography. The agent, it would seem to me, would have reason to believe that this man a. would know child pornography and b. would be very loath to admit to committing a criminal act lightly. I don't understand why this isn't probable cause. Well, your honor, it could be, even though that Mr. Anderson was a user and viewer, I guess, of child pornography, that his definition of child pornography did not fit within, in all instances, within 2256. We wouldn't make such a requirement if the statement was, we did drugs together and those drugs were in his bedroom at his house. We wouldn't require a specific description of the drugs or some chemical sample of them. Well, Judge, I guess that was one of the examples I was thinking about when I was preparing for argument. I guess the best analogy would be if a co-conspirator said, my co-conspirator, the defendant possessed controlled substances and I saw them in his residence. Is that sufficient? There has to be more of a description, I would submit. In the context of child pornography, as laid on brunette, the description of the image is important. And especially here where Mr. Anderson was very cooperative with the government, it wasn't much of a task for the agent to ask Mr. Anderson, describe to me one of the images that you viewed, supposedly, at Mr. Chu's residence. In fact, the agent, in his affidavit, says Mr. Anderson described some of the videos, but did not want to say how Mr. Anderson described the images. He did talk about sexual conduct, but that encompasses conduct that could be outside of the coverage of 2256. I know in my brief I mentioned one particular example of sexual conduct that may not fall within the definition. There are others as well. For example, if Mr. Anderson was talking about sexual conduct that involved children of 10, perhaps viewed sideways, so they're not displaying their genitalia, but engaged in conduct between the two, that could be viewed, in one sense, as sexual conduct, such as perhaps rubbing. Aren't you getting away from the probable cause standard, which is you seem to be wanting some viewing, but many instances of the co-conspirator viewing this with the defendant, and many, many images. So, why isn't that enough to support probable cause? You seem to be arguing that child pornography is different, that a greater description must be had in child pornography than in drug cases, or bank robbery cases, or anything else. I am to some extent, because there are First Amendment concerns, as talked about in Brunette. So, where the police are able readily to obtain a description doesn't ask them much to do. They have a cooperating individual. They could have, at the very least, have provided a description of one image. I would argue to the court, my position is, where the police are able easily to obtain information that can be provided to the magistrate, that would allow the magistrate, on their own, to make a determination as to whether one of the potential images fits within the definition of sexually explicit conduct, probable cause calls for that. Okay, thank you. Attorney Garrity, at this time, please mute your audio and your video. And, Attorney Eisenstadt, please unmute your device and introduce yourself on the record to begin. Good morning. May it please the court, Karen Eisenstadt for the government. The informant in this case was found in possession of child pornography and charged with child pornography offenses. He told agents, I engaged in this conduct with the defendant, Mr. Chu, for at least six months. We talked about it. We downloaded it together from the dark web. He taught me how to use Tor to obtain child pornography. And, as Judge Lynch noted, we watched it together, not on one occasion, but multiple occasions, including just a few days ago at his house. He has an 80 gigabyte collection of child pornography images on his computer. And this is not a situation where the informant was simply a self-professed enthusiast or expert on child pornography. There was also external validation of that in that probable cause had been found by a magistrate to charge him with the offenses based on images found in his possession. And he had mentioned a specific website on the dark web that he said he and the defendant had visited together. And that was a site that law enforcement was able to independently corroborate is a site dedicated to the exchange of actual pornography, child pornography. The government's views that this firsthand information from the defendant's criminal associate was sufficient and more than sufficient to establish probable cause to search his residence for contraband or evidence of child pornography offenses. And his sole argument against the district court's denial of suppression is that is based on Brunette, that he claims there was no image attached. There is no detailed description of an image. But Brunette does not apply here for the reasons this court stated in United States versus Berdoulas, which is that this warrant images constituted child pornography. It was instead based on a different type of information entirely here, an informant who had participated in the conduct. Well, explain that to me if I'm asking what seems more credible and reliable, an experienced law enforcement officer saying X is pornography or some cooperating criminal who says X is pornography. It's not clear to me why the latter is somehow more reliable than the former. And if that's the case, then I think you have to rely not on the fact that it wasn't an officer, but rather on the added information other than the conclusion that it was pornography. I think both points are relevant. So with respect to agents, agents who are trained in this area, of course, do have a good understanding of what child pornography is. I think the concern in Brunette about information from agents was partly animated by the fact that the agents are part of the government and that's then essentially the government's opinion and the magistrate should not merely rubber stamp an opinion from the government because that's not independent. But as your Honor points out here and in the government's brief, we made the point that really it's the amount of conduct and the number of connections with child pornography that are presented in this affidavit that very clearly sets it apart from an affidavit that just relies on a bare conclusion that one image is child pornography. It's the entire course of conduct over six months and the discussions, the use of tour, multiple, multiple images, the 80 gigabyte collection that I think really does set this case apart and makes it not a situation where probable cause would be defeated by a concern that sometimes it can be subjective as to whether one or two images constitutes child pornography. And what do you say about the adequacy of the description of what is to be seized in the warrant? At least as I understand it, the defendant's claim is purely as to brunette. So the idea that what we're searching for is not sufficiently described in the warrant to enable the magistrate to independently determine that it is child pornography. I don't understand the defendant to be making a claim that there's an issue with the adequacy of the Anything else? Five minutes remaining, five minutes. The defendant also raised a claim regarding certain text messages that he claimed should the court erroneously excluded from evidence and the government's happy to answer any questions the court may have on that issue. If the court does not have questions, the government would then rest on its brief as to any further issues. Okay, thank you. At this time, attorney Garrity, please unmute your audio and video and you have two minutes rebuttal. Please reintroduce yourself on the record to begin. Thank you, Paul Garrity for Mr. Chiu and for Chiu. Just briefly in rebuttal, I think the adequacy issue, even if the information comes from a non-police source, is still in play. I think the most relevant case is one of the cases I cited on my brief, USP Pavlik. There was information that was corroborated by the police and they received information, I believe, from two non-police informants in terms of what they described as child pornography and involving children under the age of 18. That was found not to be sufficient. The description issue is one that is still relevant to the probable cause determination. In particular here, where the police are readily able to obtain a description, not asking them to do much, but it plays into the probable cause determination. And for whatever reason, the agent chose not to put that description forward. He talks about getting a description, but doesn't want to say what that description is. So I would submit again that that's not sufficient. And I understand it's the totality of the circumstances analysis and it's not a certainty issue. It's a fair probability. But with the First Amendment concerns that play into all of this, there should be at a minimum some description that would allow the magistrate to make their own determination as to whether or not these images violate the statute and that this probable cause to issue the search warrant. Thank you, Mr. Garrity. Thank you. That concludes argument in this case. Attorney Garrity and Attorney Eisenstadt should disconnect from the hearing at this time.